UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD WILLIAMS,

    Petitioner,                                     Case No. 12-cv-11095
                                                   HON. BERNARD A. FRIEDMAN

v.

MARY K. BERGHUIS,

    Respondent.
_____/

### OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

**I.    Introduction**

This is a habeas action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Donald Williams is a prisoner confined by the Michigan Department of Corrections and is currently serving a life sentence for first-degree murder. Petitioner, who was sixteen years old at the time of the incident, was charged as an adult under an aiding and abetting theory. Petitioner was convicted approximately nineteen years ago following a jury trial in Macomb County Circuit Court. Petitioner challenges the constitutionality of his conviction on the grounds that he was denied his right to a unanimous jury verdict and appellate counsel was ineffective for failing to raise the aforesaid issue on direct appeal. Respondent, through the Michigan Attorney General's office, filed an answer arguing that the Court should dismiss the petition as time barred because it was filed outside the statute of limitations period as stated in 28 U.S.C. § 2244(d)(1). To date, petitioner has not filed a reply to respondent's answer. The Court agrees with respondent and will, therefore deny the petition. The Court also declines to issue petitioner a certificate of appealability.

## II.     Background

Petitioner's conviction arose from his role as an accomplice to a shooting that occurred on June 13, 1993, in Warren, Michigan, and resulted in the death of Emil Mazurek. The trial record demonstrates that petitioner and an acquaintance, Antonio Payne, waited for Mazurek to pull into a local gas station. As Mazurek attempted to exit the station, Payne pulled out a gun and ordered Mazurek to get out of his case, informing Mazurek "this is a stickup." Trial Tr. vol. II, 456 Nov. 19, 1993, ECF No. 9-5. When Mazurek tried to get away, Payne shot him twice, killing Mazurek instantly. Both Payne and petitioner were tried separately and found guilty of murder.

Following his conviction and sentence, petitioner filed a direct appeal with the Michigan Court of Appeals, which affirmed his conviction and sentence in an unpublished opinion. *People v. Williams*, No. 176570, 1997 WL 33354401, at *1-2 (Mich. Ct. App. Feb. 14, 1997). The Michigan Supreme Court then rejected his application for leave to appeal as untimely pursuant to MCR 7.302(c)(2).

Petitioner then waited over eleven years before filing a motion for relief from judgment with the state trial court on February 19, 2009. The original trial transcript indicated that after the jury returned its verdict of guilty, the trial judge polled the jurors. At that time, one of the jurors responded "no" to the judge's inquiry regarding whether the verdict was, in fact, unanimous. Trial Tr. vol. V, 1241 Dec. 2, 1993, ECF No. 9-8. In order to resolve any discrepancy, the trial court summoned the juror to testify at a reconstruction hearing on May 11, 2009. The juror unequivocally indicated that she had voted guilty and that she had said "yes" during the jury polling. Mot. Hr'g Tr. 16, May 11, 2009, ECF No. 9-10. The prosecutor then

moved to correct the transcript and the trial court granted the request. Ultimately, the trial court denied petitioner's motion, *see* Motion Hr'g Tr. 22, July 20, 2009, ECF No. 9-11, and subsequently denied his motion for reconsideration. *See* Op. & Order, Aug. 25, 2009, ECF No. 9-22.

Thereafter, petitioner filed a delayed application for leave to appeal the trial court's decision to the Michigan Court of Appeals. The appellate court denied the application "for failure to establish entitlement to relief under MCR 6.508(D)." *People v. Williams*, No. 295937 (Mich. Ct. App. May 28, 2010). The Michigan Supreme Court similarly denied relief pursuant to MCR 6.508(D), *People v. Williams*, 488 Mich. 1045 (2011) (Table), and denied petitioner's motion for reconsideration, *People v. Williams*, 489 Mich. 977 (2011) (Table). Petitioner filed this habeas petition on March 12, 2012.

### III.  Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, governs the filing date for the instant habeas petition. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by

>the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  When a petitioner has failed to pursue an available avenue of direct appeal, the time for seeking such review is counted under section 2244(d)(1)(A).  A habeas petition filed outside the prescribed time period must be dismissed.  *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765-766 (E.D. Mich. 2002).

In this case, the Michigan Court of Appeals affirmed petitioner's conviction on February 14, 1997.  He then had fifty-six days to file his application for leave to appeal with the Michigan Supreme Court on April 11, 1997.  MCR 7.302(C)(2).  When petitioner failed to do so, the Michigan Supreme Court rejected his application as time barred.  Thus, petitioner had one year from April 11, 1997 to file his habeas petition, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with section 2244(d)(2).

Furthermore, although section 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period as it can only serve to pause a clock that has not yet fully run.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitation period has expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *see McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).  Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for

4

relief from judgment does not revive the statute of limitations.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490).  Consequently, petitioner's request for habeas relief is untimely as his motion for relief from the state court judgment occurred eleven years after the limitation period had already expired.

With respect to the equitable tolling of the limitations period, the Supreme Court has cautioned that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. __, __, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-784 (6th Cir. 2010) (same).  A petitioner has the burden of demonstrating that he or she is entitled to equitable tolling.  *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-561 (6th Cir. 2000) (citations omitted); *see also Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-750 (6th Cir. 2011) ("With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit.").

In view of the foregoing, the Court concludes that petitioner is not entitled to an equitable tolling of the limitations period because he neglected to file a reply brief to respondent's answer and, thus, failed to pursue his rights.

**IV.     Certificate of Appealability**

In the event, petitioner appeals this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether: 1) the petitioner stated a valid claim of the denial of a constitutional right and 2) the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000).

Having considered the matter, the Court concludes that reasonable jurists would not debate whether its ruling is correct and declines to issue a certificate of appealability.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: December 12, 2012
           Detroit, Michigan